**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jackie F. Yates

      v.                                      Case No. 25-cv-338-LM-AJ

Foremost Farmers Direct
Property and Casualty Insurance

**REPORT AND RECOMMENDATION**

Self-represented Plaintiff Jackie Yates initiated this action against Defendant Foremost Farmers Direct Property and Casualty Insurance ("Foremost"), arising out of Foremost's denial of Ms. Yates' claim related to water damage at her property.  See Doc. 1-2 (Complaint).  She seeks payment for the reassessment of the damage to her property, damage to the property, and loss of her personal property.  Id.

Pending before the court is Ms. Yates' motion for summary judgment.  See Doc. No. 20.  Therein, Ms. Yates contends that Foremost committed fraud by accepting funds to cover her homeowner's insurance policy from her mortgagee, Saint Mary's Bank.  Id. ¶ 1.  She argues that Foremost and Saint Mary's Bank violated her civil rights by entering into a contract without consulting her.  Id. ¶ 3.  Foremost objects to Ms. Yates' motion.[1]  See Doc. No. 23.

---

[1] To the extent Foremost's objection also seeks relief in the form of summary judgment, the district judge should deny

Background[2]

Ms. Yates' property in Milton, New Hampshire suffered from water damage caused by a broken water line from her dishwasher. See Doc. No. 1-2 ¶¶ 3-4; Doc. No. 23 ¶¶ 4-5.  The parties dispute the cause of the water line damage.  Foremost contends that it was caused by Ms. Yates' failure to properly heat the premises.  Doc. No. 23 ¶ 18.

The only currently pending claim in this matter arises out of Ms. Yates' contention that Foremost wrongfully denied coverage of her claim related to the water damage to the property.  Ms. Yates has attempted to amend her complaint to add a claim for fraud, asserting that Saint Mary's Bank allegedly contracted with Foremost to insure Ms. Yates' property without her knowledge.  Ms. Yates failed to allege that claim with the requisite particularity.  For that reason, the court ordered her to file a more detailed description of the claim.  See Doc. No. 22.  The current deadline for that filing is March 27, 2026.

---

that request for relief.  See L.R. 7.1(a) ("All motions must contain the word 'motion' in the title.  Filers shall not combine multiple motions seeking separate and distinct relief into a single filing.").

[2] Foremost asks the court to take the facts contained within its requests for admissions as admitted because Ms. Yates failed to timely respond to the requests.  Because the court extended the deadline for Ms. Yates' response to Foremost's requests for admission, the court declines to deem the facts admitted.

## Discussion

Ms. Yates' motion for summary judgment focuses solely on the allegedly fraudulent contract between Saint Mary's Bank and Foremost.  Her motion does not address Foremost's denial of coverage.  Because Ms. Yates' fraud claim is not pending before the court, the court cannot entertain a motion for summary judgment seeking relief on that claim.  See Daroczi v. Vt. Ctr. for the Deaf & Hard of Hearing, Inc., No. 02-440-JM, 2004 WL 180250, at *9 (D.N.H. Jan. 28, 2004) ("Since the Defendant's motion for summary judgment addresses a claim that was not pled in this action, there is no basis for granting the Defendant summary judgment."); HayJo S.A. de CV v. Sponge-Jet, Inc., No. 14-cv-196-JD, 2015 WL 9459918, at *3 (D.N.H. Dec. 23, 2015) (same).

## Conclusion

For the foregoing reasons, the district judge should deny Ms. Yates' motion for summary judgment (Doc. No. 20) and deny Foremost's request for summary judgment to be entered in its favor (Doc. No. 23).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See

Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in written objections to this Report and Recommendation "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal."  Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge


April 24, 2026

cc:   Jackie F. Yates, pro se
      Counsel of Record

4