**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jackie F. Yates

v. Case No. 25-cv-338-LM-AJ

Foremost Farmers Direct Property
and Casualty Insurance

**REPORT AND RECOMMENDATION**

Self-represented plaintiff, Ms. Yates, moves, on an emergency basis, to add Saint Mary's Bank as a necessary party and to enjoin it from initiating foreclosure proceedings on Ms. Yates's property (Doc. No. 64). The district judge should deny the motion.

Saint Mary's Bank is Ms. Yates's mortgage servicer. This action relates to the defendant's denial of insurance coverage for water damage at Ms. Yates's property. Without Saint Mary's Bank's joinder, the court may still accord complete relief among the existing parties. See Fed. R. Civ. P. 19(a)(1)(A). Ms. Yates does not sufficiently relate her claim of wrongful insurance denial to Saint Mary's Bank's impending foreclosure on her property. See J&J Sports Productions Inc. v. Cela, 139 F. Supp. 3d 495, 504 (D. Mass. 2015) ("That an existing party may pursue or be subject to further litigation against other absent parties has no effect on the analysis under Rule 19(a)(1)(A).") (citing Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 12

(1st Cir. 2013)). Accordingly, Saint Mary's Bank need not be joined as a necessary party. This determination, however, does not preclude Ms. Yates from pursuing her claims against Saint Mary's Bank through other means.

Because Saint Mary's Bank is not a party to this action, the court cannot enjoin it. See Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 154 F.3d 1345, 1351 (Fed. Cir. 1998) ("As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated." (citing Chase Nat. Bank v. City of Norwalk, 291 U.S. 431, 436-37 (1934))); Norgaard v. United States, No. CV 16-12107-FDS, 2016 WL 6562043, at *2 (D. Mass. Nov. 3, 2016) ("Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action.").

Accordingly, the emergency motion to add Saint Mary's Bank as a necessary party and for preliminary relief (Doc. No. 64) should be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in written objections to this Report and Recommendation "are subject to review in the district court," and any issues

"not preserved by such objection are precluded on appeal." Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

September 10, 2026

cc: Jackie F. Yates, pro se
Michael L. Snyder, Esq.